## SUPREME COURT.

### THE TRUSTEES OF THE VILLAGE OF CANAJOHARIE agt. EDMUNDS BUEL.

An action cannot be sustained by the *trustees of a village* against an individual upon a *resolution*, though called an ordinance passed by them, imposing a penalty on the defendant of $25, for a failure to remove an awning over the sidewalk, in front of his store, where, within the meaning of the village charter, ordinances must be *general* and not special only, imposing a penalty on a single individual.

*Third Judicial Department, Albany General Term, March,* 1872.

*Before* MILLER, P. J., POTTER *and* BALCOM, JJ.

APPEAL by plaintiffs from a judgment of the Montgomery county court, reversing the judgment of a justice of the peace.

H. DUNKEL, *for plaintiffs.*

D. S. MORRELL; *for defendant.*

*By the court,* BALCOM, J.—The resolution of the trustees of the village of Canajoharie, on which this action was brought, recited that complaint had been made to the board of trustees, "that the awning of Edmunds Buel, situated over and across the sidewalk in front of the store in Church street, now occupied by him, is a nuisance. Therefore, resolved and ordained that the said Edmunds Buel be and he is hereby required to remove said awning out of said street, within forty-eight hours after serving a copy of this ordinance on him, under a penalty of twenty-five dollars, hereby

imposed on him for failure or neglect to comply with this ordinance."

This is not such an ordinance as the trustees of the village of Canajoharie were authorized to make. It was a mere resolution, though called an ordinance, imposing a penalty, in the nature of a fine on the defendant, of $25, for a failure or neglect to remove his awning within forty-eight hours after service of a copy of the resolution on him. Calling the resolution an ordinance did not make it an ordinance. Ordinances, within the meaning of the plaintiffs' charter, must be general and not special only, imposing a penalty on a single individual.

The awning was not shown to be a nuisance, or to be an obstruction in Church street, or on the sidewalk. It was over the sidewalk; and at the most, was only an encroachment on the sidewalk or street.

As there was no general ordinance respecting awnings, the remedy of the plaintiffs for the encroachment on Church street, by the defendant's awning, was under the statutes respecting encroachments.

The judgment of the justice was correct, and the county court erred in reversing it.

It follows, that the judgment of the county court should be reversed, and that of the justice affirmed, with costs. So decided.